

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 28, 1969

Honorable Frank Coffey
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. M-409

Re: Whether a Criminal District
Judge may also be appointed
and serve as a member of
the Board of Managers of a
County Hospital District,
without jeopardizing his
right to continue as a
Criminal District Judge.

Dear Mr. Coffey:

You have requested the opinion of this office regarding the above question.

Two provisions of the Texas Constitution have possible bearing upon the determination of your problem, Sections 33 and 40 of Article XVI. Section 40 is concerned with the holding of two civil offices of emolument, and prohibits a District Judge from holding another civil office of emolument. Under Article 4494n, Section 5, Vernon's Civil Statutes, however, the members of the Board of Managers of a County Hospital District are to serve without pay. Therefore, Section 40 does not apply to this problem. However, Section 33 is very clearly in point. It is quoted, in pertinent part, as follows:

> "The Accounting Officers of this State <u>shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit</u>, under this State, except as prescribed in this Constitution.
>
> " . . .

"It is further provided, until September 1, 1969, and thereafter only if authorized by the Legislature by general law under such restrictions and limitations as the Legislature may prescribe, that a non-elective State officer or employee may hold other non-elective offices or positions of honor, trust, or profit under this State or the United States, if the other offices or positions are of benefit to the State of Texas or are required by State or Federal law, and there is no conflict with the original office or position for which he receives salary or compensation. No member of the Legislature of this State may hold any other office or position of profit under this state, or the United States." (Emphasis supplied.)

Inasmuch as a Criminal District Judge is an elective officer, he cannot fall within the exclusions set forth in the foregoing constitutional provision. We are left only with the determination of whether a member of the Board of Managers of a County Hospital District holds an "office or position of honor, trust, or profit, under this State".

In determining what constitutes an office, within the meaning of a constitutional provision, this office has frequently applied the criteria set forth in Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583 (1927), to wit:

"After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) It must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) The powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) The duties must be performed independently and without control of a superior power,

other than the law, unless they be those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) It must have some permanency and continuity, and not be only temporary or occasional."

Applying the foregoing criteria to the Board of Managers of a County Hospital District, established under Article 4494n, Vernon's Civil Statutes, it is the opinion of this office that the powers, duties and responsibilities of a member of the Board of Managers of a County Hospital District are such as to make that position one of honor and trust within the meaning of Section 33, Article XVI, Texas Constitution.

In answer to your specific question, you are advised that in the event the Criminal District Judge in question is appointed to and accepts a position as a member of the Board of Managers of a County Hospital District, the Judge would not be entitled to receive any State compensation for the position he now holds.

## S U M M A R Y

A member of the Board of Managers of a County Hospital District holds a position of honor or trust, within the meaning of Section 33, Article XVI, Texas Constitution, and an elective Criminal District Judge may not accept such an office without waiving his entitlement to compensation from the State.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

PREPARED BY MALCOLM L. QUICK
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Honorable Frank Coffee, page 4 (M- 409)


Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Neil Williams
Jim Swearingen
Jack Sparks
Camm Larry

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant